UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MATTHEW THOMAS,

    Movant,

v.                      Case No: 2:17-cv-405-FtM-99MRM

UNITED STATES DEPARTMENT OF
INTERIOR,

    Respondent.



### OPINION AND ORDER

On April 21, 2017, Movant Matthew Thomas (Movant or Thomas) initiated this case by filing a Motion to Challenge Government's Access to Financial Records and Sworn Statement in support.[1] (Doc. #1.) On May 19, 2017, Thomas filed his Affidavit in support. (Doc. #3.) Movant, who is the Chief Sachem of the Narragansett Indian Tribe (the Tribe)[2], challenges the Department of the Interior, Office of the Inspector General's (DOI OIG) administrative subpoena seeking access to Movant's personal financial records held by Ocwen Financial Corporation (Ocwen)

---

[1] At the inception of this case Thomas was represented by a Rhode Island attorney who is not admitted to this Court. The Court directed that counsel apply for pro hac vice status (Doc. #4), but counsel was terminated on June 13, 2017 for failure to comply (Doc. #6).

[2] The Tribe is federally recognized and the United States Department of Interior, through its Bureau of Indian Affairs, provides funding to the Tribe. DOI OIG's mission, in part, is to investigate allegations of wrongdoing related to those Federal funds.

pursuant to the Right to Financial Privacy Act of 1978, 12 U.S.C. 3401 *et seq.* (RFPA). The Court ordered the DOI OIG to file a sworn response to the Motion pursuant to 12 U.S.C. § 3410(b). (Doc. #6.) Because the response would contain details about allegations and evidence received during the course of an ongoing DOI OIG investigation into the misuse of Federal funds, the Government sought to file the response *in camera* pursuant to 12 U.S.C. § 3410(b). (Doc. #S-10.) The Court granted the request (Doc. #S-11), and the Government filed its *in camera* response on July 18, 2017 (Doc. #S-12), attaching the Declaration of Special Agent John Hast with the DOI OIG, in support. (Doc. #S12-1.)

## I. Factual Background

The administrative subpoena at issue is directed to Ocwen and requests certain documents pertaining to Movant's identified accounts for the period January 1, 2012 to present. The documents are sought in furtherance of the DOI OIG's investigation "concerning theft, embezzlement, or conversation of Federal or tribal funds."[3] (Doc. #S12-3.) On March 8, 2017, DOI OIG mailed Movant a Notice Under the Right to Financial Privacy Act (the Notice). (Id.) The record shows that the Notice was sent to Thomas at his home in Port Charlotte, Florida via Federal Express overnight delivery on March 8, 2017, with service on March 9,

---

[3] This investigation is detailed in Special Agent Hast's Declaration. (Doc. #S12-1.)

2017.[4]  (Doc. #S12-3, p. 16; Doc. #3, ¶ 2.)  The Notice, dated March 8, 2017, included a copy of the administrative subpoena that DOI OIG was proposing to issue to Ocwen, along with required customer notice information, including instructions to Thomas as to the detailed procedures he "must" follow in order to challenge the subpoena.[5]  (Doc. #S12-3.)  The Notice advised Thomas that "upon expiration of ten (10) days from the date of service or fourteen (14) days form the date of mailing of this notice, the records or information requested" in the subpoena would be made available to DOI OIG.  (Id.)  In addition to other information, the Notice stated that DOI OIG's purpose in seeking such records was a "legitimate law enforcement inquiry concerning theft, embezzlement, or conversion of Federal or tribal funds."  (Id.)

Thomas, though counsel, sent an email to Special Agent Hast regarding the Notice on March 22, 2017 (Doc. #3, Ex. A), stating that he had previously left a phone message for Hast and was "registering an objection to that subpoena.  I again emphasize that we object to the subpoena at this point."  (Id.)  On March 23, 2017, Thomas's attorney sent another email to Special Agent

---

[4] Because the Government argues that plaintiff's challenge to the administrative subpoena is time-barred, the Court will outline the series of events that occurred in a fair amount of detail.

[5] The requirements that must be followed were provided to Thomas in the Notice, taken verbatim from the statute.  See 12 U.S.C. § 3405.

Hast, noting that he had not heard from Hast and therefore "we forwarded our formal objection to the administrative subpoena duces tecum." (Doc. #3, Ex. B.) On March 30, 2017, Special Agent Hast responded, stating that he was on family leave through April 3, 2017, and that he was "unclear as to whether you filed a motion in court or not. I have cc'ed our Office of General Council [*sic*]. I will give you a call next Tuesday. If you wish to clarify whether you sent your formal request please send me an email and cc Jen Dure who is included on this email." (Doc. #3, Ex. C.)

The record does not show that Thomas's counsel ever provided such clarification, but Thomas's counsel did state in an email to Hast dated April 11, 2017, that he would call Dure as suggested but that he has been tied up in trial. (Doc. #3, Ex. D.) On April 24, 2017, Thomas's counsel emailed Dure, stating "[s]ince there were time constraints involved with the Subpoena, I filed a formal objection to that subpoena but have not heard anything from DOI since that point." (Doc. #3, Ex. F.) In an April 25, 2017 email from Dure to Thomas's counsel, she references an April 4, 2017 email from Special Agent Hast to Thomas's counsel wherein Hast advised that the DOI OIG would be proceeding with the issuance of subpoenas for the records. (Id.)

The Government states that since it did not find a record of any filing of an objection in the Public Access to Court Electronic Records (PACER) database, and having received no indication that

a challenge had been filed in any United States District Court, DOI OIG mailed its subpoena to Ocwen on April 6, 2017 - with service on April 7, 2017 - certifying compliance with the RFPA. (Doc. #12-1, ¶ 21.) Ocwen produced responsive documents on April 24, 2017. (Id. at ¶ 23.) DOI OIG has not yet viewed the materials it received from Ocwen in response to the subpoena. (Id.)

## II. The RFPA Generally

Congress has empowered Inspectors General with the authority under the Inspector's General Act of 1978 to issue administrative subpoenas seeking the production of records. 5 U.S.C. app. 3 § 6(a)(4). Congress also enacted the RFPA to provide the customers of financial institutions some level of privacy from federal government scrutiny by establishing specific procedures that the Government must follow when requesting such records. The RFPA allows a government authority to obtain from a financial institution the financial records (or any financial information contained in the records) of a customer, either with the customer's consent or by administrative or judicial subpoenas, search warrants, or formal written requests, if available. 12 U.S.C. §§ 3402, 3404-08. Unless certain exceptions apply, the RFPA requires the Government to give the customer notice of its intent to obtain the records and an opportunity to contest the Government's action. 12 U.S.C. §§ 3405-3408 (notice requirements); 12 U.S.C. § 3410 (customer challenges). The RFPA generally requires that customers

receive a written notice of the federal authority's intent to obtain the financial records, an explanation of the purpose for which the records are sought, and a statement describing procedures to follow if the customer does not wish such records or information be made available. 12 U.S.C. § 3405.

Section 3410 outlines the procedures a customer must follow for challenging a subpoena. Section 3410(a) states in relevant part:

> Within ten days of service or within fourteen days of mailing of a subpoena, summons, or formal written request, a customer may file a motion to quash an administrative summons or judicial subpoena, or an application to enjoin a Government authority from obtaining financial records pursuant to a formal written request, with copies served upon the Government authority.
>
> . . .
>
> A motion to quash an administrative summons or an application to enjoin a Government authority from obtaining records pursuant to a formal written request shall be filed in the appropriate United States district court.

12 U.S.C. § 3410(a). The motion must contain a sworn statement stating the applicant's reasons for believing that the financial records are not relevant to a legitimate law enforcement inquiry stated by the Government in its notice, or that there has not been substantial compliance with the statute. 12 U.S.C. § 3410(a)(2).

Once the customer files a challenge and the Government responds, the RFPA provides only three grounds on which the

district court may quash a subpoena: "(1) the agency's inquiry is not a legitimate law enforcement inquiry, or (2) the records requested are not relevant to the agency's inquiry, or (3) the agency has not substantially complied with the RFPA." <u>Sandsend Fin. Consultants, Ltd. v. Fed. Home Loan Bank Bd.</u>, 878 F.2d 875, 882 (5th Cir. 1989); (<u>see</u> <u>also</u> 12 U.S.C. § 3410(c)).

### III. Movant's Challenge

Thomas challenges the subpoena on relevance grounds because it provides no indication as to the substantive law enforcement purpose for the request, and because it is overbroad as to time frame. (Doc. #1, p 3.) Thomas further argues that the DOI OIG has not substantially complied with the RFPA because the administrative subpoena does not provide any substantive basis for their investigation. (<u>Id.</u>) The Government responds that the challenge is time-barred and that the DOI OIG has otherwise complied with the RFPA. The Court agrees that the challenge is time-barred and even if it is not, the Government has complied with the statute and it should be enforced.

#### A. Time-Barred

Here, the Notice, a copy of the subpoena, forms, and instructions on how and when to file a challenge, as required by 12 U.S.C. § 3405(2), were mailed to Movant on March 8, 2017. (Doc. #S12-1, ¶ 15; Doc. #S12-3.) Because it is unclear when Movant was

in receipt of the Notice[6], the Court will calculate fourteen days from the date of mailing. Movant filed his motion on April 21, 2017.[7] (Doc. #1.) Movant undoubtedly filed his objection outside the fourteen-day statutory window, which would have been March 22, 2017. The Court is mindful that March 22, 2017 was the date that Thomas's counsel sent his first email to Special Agent Hast, stating that he had previously left a phone message for Hast and was "registering an objection to that subpoena. I again emphasize that we object to the subpoena at this point." (Doc. #3, Ex. A.) Yet the statute does not contemplate such an informal oral or written objection, and Movant did not otherwise file his challenge with the Court by this date[8], a requirement which is clearly set

---

[6] The statute does not specify what type of "service" is required to begin the 10-day clock and the Government offers no argument in support; therefore, the Court will calculate 14 days from the date of mailing. 12 U.S.C. § 3410(a).

[7] The Court notes that there are three "filed" date stamps on the face of the motion, two of which are crossed out (Doc. #1, p. 1). The Court has been notified by the Clerk of Court that this was due to the fact that the motion was initially submitted and received from Thomas's counsel on March 28, 2017, without a filing fee, and was submitted with the incorrect amount for the filing fee on April 10, 2017. The motion was finally submitted with the correct filing fee on April 21, 2017. See 28 U.S.C. § 1914. Although Thomas's counsel stated in the above-referenced email correspondence that he knew there were "time constraints involved with the subpoena" he did not otherwise notify the Court or indicate on the face of his motion that the filing was time sensitive or required expedited or emergency consideration even after he was aware that the filing had been rejected by the Court.

[8] Although not filed on this date, the Motion's Certificate of Service states that a copy of the motion was "mailed or delivered" to John Robert Hast on March 23, 2017, and is signed by

forth in the statute at 12 U.S.C. § 3410(a). Moreover, Thomas's counsel otherwise provided no explanation for the delay. The Supreme Court has found in the context of an administrative subpoena issued by the Securities and Exchange Commission that "[a] customer's ability to challenge a subpoena is cabined by strict procedural requirements." SEC v. Jerry T. O'Brien, Inc., 467 U.S. 735, 746 (1984). The procedural aspects of the RFPA appear to have been drafted in such a way as to minimize any delay in the agency's investigation. See Siegfried v. Inspector General of U.S. Dep't of Agric., 163 F. Supp. 2d 170, 173 (E.D.N.Y. 2001) (motion filed late, outside the RFPA procedures and no explanation provided) (collecting similar cases). See also 12 U.S.C. § 3410(e) ("The challenge procedures of this chapter constitute the sole judicial remedy available to the customer to oppose disclosure of financial records pursuant to this chapter."). Therefore, the challenge is time-barred.

### B. Compliance with the RFPA

Even if Movant's challenge was not time-barred, the Court finds that the DOI OIG has complied with its obligations under the RFPA and denies the challenge on the merits. Section 3405 outlines that a government authority may obtain financial records pursuant to an administrative subpoena if two elements are met: (1) "there

---

Thomas's counsel. (Doc. #1, p. 2.)

is a reason to believe that the records sought are relevant to a legitimate law enforcement inquiry", and (2) the Government serves the customer with a copy of the subpoena and a notice of his opportunity to challenge it, utilizing detailed procedures outlined in Section 3405. 12 U.S.C. § 3405.

Here, the DOI OIG prepared the administrative subpoena for Movant's bank records in furtherance of its investigation "concerning theft, embezzlement, or conversion of Federal or tribal funds," which is further detailed in Special Agent Hast's Declaration. (Doc. #S12-1.) Upon review, the Court finds that the Government has met the first element of Section 3405 by demonstrating that the financial records are relevant to a legitimate law enforcement inquiry. This case involves a legitimate inquiry pursuant to DOI OIG's law enforcement authority and obligation to investigate any abuse in connection with DOI programs and funding, and such subpoena power is vested in the Inspectors General. 5 U.S.C. app. 3 at §§ 2, 4, 6.

Plaintiff's argument that the subpoena is based on unfounded accusations made by dissident tribal members and that he has not been advised as to the basis for the request does not compel a different result as Movant has alleged no facts showing that the requested records could have no connection to the underlying investigation. See Breakey v. Inspector Gen. of U.S. Dep't of Agric., 836 F. Supp. 422, 425 (E.D. Mich. 1993) (citing Hancock v.

Marshall, 86 F.R.D. 209, 211 (D.D.C. 1980) (noting that the ultimate burden of showing the records sought are relevant to a legitimate law enforcement inquiry is on the Government, but the initial burden is on the movant to offer proof of facts showing the documents have no connection with the subject matter of the investigation)). In fact, Movant's Affidavit acknowledges that there is an investigation by the DOI OIG into allegations against him by dissident members of the Tribe regarding use of the Tribe's funds. (Doc. #3, ¶ 12.) Plaintiff's argument that the Government should be required to provide him with a "substantive basis" for the investigation simply has no basis in law and the Court will impose no such requirement. The Court is further satisfied based on Special Agent Hast's Declaration that the time period is not overly broad and therefore reasonable.

The Court also finds that the Government has complied with the requirements under the second element of Section 3405 and Movant otherwise makes no argument that the DOI OIG has not complied with the RFPA's prerequisites for notice. The Court thus finds that Movant's motion challenging the administrative subpoena is due to be denied and orders that the subpoena be enforced. See 12 U.S.C. § 3410(c).

## IV.

As a final matter, although portions of this case have been filed under seal due to personal identifiers or *in camera* due to

otherwise sensitive information regarding the Government's underlying investigation, the Court finds that this Opinion and Order need not be entered *ex parte* as it does not include any such sensitive information and the Government has not requested that the Court enter such an order.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.   Matthew Thomas's Motion to Challenge Government Access to Financial Records (Doc. #1) is **DENIED**.

2.   The Clerk is directed to terminate any pending deadlines and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this ___24th___ day of July, 2017.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record
Unrepresented parties